**FILED**

APR 05 2023

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
TOLEDO

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | INDICTMENT |
| ) | |
| Plaintiff, ) | 3:23 CR 185 |
| ) | JUDGE JAMES G. CARR |
| v. ) | CASE NO. _____ |
| ) | Title 21, United States Code, |
| ANTHONY PORTER JR. aka TONY ) | Sections 841(a)(1), (b)(1)(A), |
| PORTER, ) | (b)(1)(B), (b)(1)(C), and 846; |
| ERIC FEAGIN, ) | Title 18, United States Code, |
| ) | Sections 922(g)(1) and 924(a)(2). |
| Defendants ) | |

COUNT 1
(Conspiracy to Possess with Intent to Distribute and Distribution of Controlled Substances,
21 U.S.C. § 846)

The Grand Jury charges:

1. From in or around January 2020, to in or around March 2023, the exact dates unknown to the Grand Jury, in the Northern District of Ohio, Western Division, and elsewhere, Defendants ANTHONY PORTER, JR. a.k.a. TONY PORTER and ERIC FEAGIN, did knowingly and intentionally combine, conspire, confederate, and agree with diverse others known and unknown to the Grand Jury, to possess with intent to distribute and to distribute 400 grams or more of a mixture and substance containing a detectable amount of fentanyl, and 10 grams or more of a mixture and substance containing a detectable amount of fentanyl analogue, all Schedule II controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A), (b)(1)(B), (b)(1)(C), and 846.

ORIGINAL

## MANNER AND MEANS OF THE CONSPIRACY

2. It was part of the conspiracy that:

   a) Members of the conspiracy purchased amounts of fentanyl and redistributed it in the Toledo, Ohio area.

   b) PORTER and FEAGIN, and others known and unknown to the grand jury, obtained significant quantities of fentanyl from an individual known to the grand jury. PORTER and FEAGIN would then "cut" the fentanyl and distribute quantities of fentanyl and fentanyl analogue to various customers in and around the Toledo, Ohio area.

   c) Members of the conspiracy used multiple cellular telephones to communicate with one another and with their customers about narcotics transactions. To reduce the risk of being detected by law enforcement, and to conceal the identity of the person using the device(s), members of the conspiracy often used cellular telephones that were obtained in the names of other persons, in fictitious names and/or in no name at all.

   d) When using cellular telephones to conduct drug trafficking activity, members of the conspiracy used slang terms, street terminology, or code words or phrases to obscure and disguise the true nature of their activities and the true meaning of their conversations.

   e) Members of the conspiracy distributed fentanyl and fentanyl analogue from various locations in and around the Toledo, Ohio area.

   f) Members of the conspiracy used several different residences in the Toledo, Ohio area for the purpose of storing, breaking down, packaging, and distributing narcotics and/or narcotics' proceeds.

g) PORTER used various vehicles to transport and deliver the narcotics he bought and sold, including, but not limited to a 2019 navy-blue Dodge Ram truck bearing Ohio registration JTG 7877, VIN: 1C6SRFFT1KN622848.

All in violation of Title 21 U.S.C. § 846.

## COUNTS 2-3
(Distribution of Fentanyl, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

3. On or about the dates listed below, in the Northern District of Ohio, Western Division, the Defendant ANTHONY PORTER JR. aka TONY PORTER, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, the approximate weights being listed below:

| Counts | Date | Defendant | Approximate Weight |
|---|---|---|---|
| 2 | February 7, 2022 | ANTHONY PORTER JR. A.K.A. TONY PORTER | 9.98 grams of Fentanyl |
| 3 | February 25, 2022 | ANTHONY PORTER JR. A.K.A. TONY PORTER | 19.27 grams of Fentanyl |

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C)

## COUNTS 4-9
(Distribution of a Fentanyl Analogue, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B))

The Grand Jury further charges:

4. On or about the dates listed below, in the Northern District of Ohio, Western Division, the Defendant ANTHONY PORTER JR. A.K.A. TONY PORTER, did knowingly and intentionally distribute 10 grams or more of a mixture and substance containing a detectable amount of fentanyl analogue, a Schedule II controlled substance, the approximate weights being listed below:

| Counts | Date | Defendant | Approximate weight |
|---|---|---|---|
| 4 | March 11, 2022 | ANTHONY PORTER JR. A.K.A. TONY PORTER | 14.76 Fentanyl Analogue |
| 5 | March 22, 2022 | ANTHONY PORTER JR. A.K.A. TONY PORTER | 15.03 Fentanyl Analogue |
| 6 | April 6, 2022 | ANTHONY PORTER JR. A.K.A. TONY PORTER | 15.10 grams Fentanyl Analogue |
| 7 | April 20, 2022 | ANTHONY PORTER JR. A.K.A. TONY PORTER | 14.92 grams Fentanyl Analogue |
| 8 | May 5, 2022 | ANTHONY PORTER JR. A.K.A. TONY PORTER | 28.89 grams Fentanyl Analogue |
| 9 | May 17, 2022 | ANTHONY PORTER JR. A.K.A. TONY PORTER | 14.35 grams Fentanyl Analogue |

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

COUNTS 10-11
(Distribution of a Fentanyl, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

5. On or about the dates listed below, in the Northern District of Ohio, Western Division, the Defendant ERIC FEAGIN, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, the approximate weights being listed below:

| Counts | Date | Defendant | Approximate weight |
|---|---|---|---|
| 10 | November 17, 2021 | ERIC FEAGIN | 10.06 grams of Fentanyl |
| 11 | January 4, 2022 | ERIC FEAGIN | 7.13 grams of Fentanyl |

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

COUNT 12
(Distribution of a Fentanyl Analogue, 21 U.S.C. §§ 841(a)(1) and (b)(1)(C))

The Grand Jury further charges:

6. On or about May 16, 2022, in the Northern District of Ohio, Western Division, the Defendant ERIC FEAGIN, did knowingly and intentionally distribute a mixture and substance containing a detectable amount of fentanyl analogue, a Schedule II controlled substance, to wit: 9.77 grams of fentanyl analogue, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT 13
(Distribution of Fentanyl, 21 U.S.C. §§ 841(a)(1) and (b)(1)(B))

The Grand Jury further charges:

7. On or about May 26, 2022, in the Northern District of Ohio, Western Division, the Defendant ERIC FEAGIN, did knowingly and intentionally distribute 10 grams or more of a mixture and substance containing a detectable amount of fentanyl analogue, a Schedule II controlled substance, to wit: 14.54 grams of fentanyl analogue, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B).

## COUNT 14
(Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

8. On or about May 31, 2022, in the Northern District of Ohio, Western Division, Defendant ANTHONY PORTER JR. A.K.A. TONY PORTER, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that being: Possession of Fentanyl Related Compound and Improper Handling of a Firearm in a Motor Vehicle, on or about February 3, 2021, in Case Number CR-2002386, in Lucas County Common Pleas Court, knowingly possessed in and affecting interstate commerce a firearm, to wit: a Glock .45 caliber semi-automatic pistol, bearing serial number BAZT704, said firearm having been

shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

COUNT 15
(Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1))

The Grand Jury further charges:

9. On or about June 6, 2022, in the Northern District of Ohio, Western Division, Defendant ERIC FEAGIN, knowing he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, that being: Having Weapons While Under Disability, on or about August 31, 2017 in Case Number CR-201702173-000, in Lucas County Common Pleas Court, knowingly possessed in and affecting interstate commerce firearms, to wit: a Smith and Wesson AR-15 with serial number TK84031 and a Glock 9mm handgun with serial number BNBX613, said firearms having been shipped and transported in interstate commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

FORFEITURE

The Grand Jury further charges:

10. The allegations contained in Counts 1-15 of this Indictment are hereby re-alleged and incorporated by reference as if fully set forth herein for the purpose of alleging forfeiture pursuant to the provisions of Title 21, United States Code, Section 853. As a result of these offenses, Defendants ANTHONY PORTER JR. a.k.a. TONY PORTER and ERIC FEAGIN shall forfeit to the United States: (i) any and all property constituting, or derived from, any proceeds the Defendant obtained, directly or indirectly, as the result of the offenses; and, (ii) any and all of the Defendant's property used – or intended to be used - in any manner or part, to commit or to facilitate the commission of the offenses, including, but not limited to, the following:

A. 20,088.00 in U.S. currency, seized from ANTHONY PORTER JR. a.k.a. TONY PORTER on May 31, 2022.

B. Glock .45 bearing serial number BAZT704, seized from ANTHONY PORTER JR. a.k.a. TONY PORTER on May 31, 2022

C. $2,445.00 in U.S. currency, seized from ERIC FEAGIN on June 6, 2022;

D. 30 Round Glock Magazine, seized from ERIC FEAGIN on June 6, 2022;

E. Smith and Wesson AR-15 with serial number TK84031, seized from ERIC FEAGIN on June 6, 2022;

F. Glock 9mm handgun with serial number BNBX613 seized from ERIC FEAGIN on June 6, 2022;

G. 30 Round PMag Magazine, seized from ERIC FEAGIN on June 6, 2022.

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.